IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LASHAN C. WHITE | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: |
| | ) |
| EXPERIAN INFORMATION | ) |
| SOLUTIONS, INC., | ) |
| | ) |
|     Defendants. | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, LaShan White, by and through counsel, and for Plaintiff's Complaint against the Defendant states as follows:

1. This action arises out of Defendant's violations of the Fair Credit Reporting Act[1] (15 U.S.C. § 1681 et seq. [hereinafter "FCRA"]), out of state law violations and out of the invasion of Plaintiff's personal and financial privacy by the Defendant.

## INTRODUCTION

2. The Plaintiff had a house financed through Everhome.

---

[1] Any reference the FCRA or any part thereof encompasses all relevant parts and subparts thereto.

3. Plaintiff sold the home on April 20, 2011 to Abbie Richardson through an "Assumption Agreement (With Release of Liability)" (hereinafter "Assumption Agreement" or "Agreement").

4. Pursuant to the Assumption Agreement, as of April 20, 2011, the Plaintiff had no responsibility for the payments to Everhome.

5. The Defendant Experian Information Solutions, Inc. (hereinafter "Experian") reported that Plaintiff was delinquent on payments to Everhome in May 2011, April 2012 and May 2012.

6. At the time Everhome states Plaintiff was delinquent on her payments, Plaintiff was not responsible for the loan.

7. Thus, it was impossible for Plaintiff to be late on a loan from which she was completely released.

8. Plaintiff disputed the Everhome reporting on her Experian credit report.

9. In the dispute, Plaintiff informed Defendant Experian that the loan was assumed by another individual and was no longer her responsibility.

10. Defendant Experian refused to investigate the dispute and refused to remove the false Everhome information.

11. Plaintiff disputed this false information again in December 2013.

12. In the December 2013 dispute, Plaintiff described to Defendant Experian what happened regarding the loan, identified the loan and gave Defendant Experian a copy of the Assumption Agreement with Abbie Richardson.

13. In the December 2013 dispute Plaintiff also provided Experian with sufficient identifying information for Experian to conduct an investigation into her dispute.

14. Defendant refused to investigate and to remove the false reporting on the account from Plaintiff's credit report.

15. Plaintiff disputed the Everhome information again on April 3, 2014, and asked Defendant Experian to remove this false information.

16. Plaintiff again provided Experian with sufficient information regarding her identity for Experian to investigate her dispute.

17. Again, Defendant Experian refused to remove the false reporting of the account from Plaintiff's credit report.

18. This is part of a deliberate policy and procedure at Defendant Experian to refuse to investigate disputes from consumers, thereby frustrating the purpose of the Fair Credit Reporting Act (hereinafter "FCRA") and damaging consumers in Alabama and others around the country.

## JURISDICTION

19. Personal jurisdiction exists over Defendant as it had the necessary minimum contacts with the State of Alabama and this suit arises out of its specific conduct with Plaintiff in Alabama. All the actions described in this suit occurred in Alabama.

20. Subject matter jurisdiction exists under federal question jurisdiction (28 U.S.C. Section 1331) and through diversity jurisdiction (28 U.S.C. Section 1332) as the amount claimed exceeds $75,000.00 between these diverse parties.

## VENUE

21. Venue is proper as Plaintiff lives in Alabama in this judicial district and the Defendant Experian does business in this judicial district.

## PARTIES

22. Plaintiff LaShan White (hereinafter "Plaintiff") is a natural person who is a resident of Alabama.

23. Defendant Experian Information Solutions, Inc., ("Defendant" or "Experian") is a foreign company that engages in the business of maintaining and reporting consumer credit information and does business in this Judicial District. Its principal place of business is the State of California and it is incorporated in Ohio.

## FACTUAL ALLEGATIONS

24. On April 20, 2011, Plaintiff entered into an Agreement with her mortgage lender, Everhome Mortgage Company, and the purchaser of her home named Abbie Richardson for Richardson to assume Plaintiff's mortgage with Everhome as evidenced by the agreement entitled, "Assumption Agreement (With Release of Liability)."

25. The "Assumption Agreement" notes in the very first paragraph that it is entered into "by and between <u>Everhome Mortgage Company</u> ("Noteholder") on behalf of the investor GNMA II, Lasan[*sic*] C. White ("Sellers"), and Abbie Richards ("Buyer")." [emphasis in the original].

26. The agreement also noted, among other things, "Noteholder agrees to waive any such right [to accelerate the indebtedness] and to allow assumption of said indebtedness by Buyer."

27. Under the Agreement, the "Buyer," Richardson, agreed to be responsible for the debt and comply with the terms of the mortgage.

28. The Agreement further states, "[u]pon execution of this Agreement by all of the parties hereto and transfer of the property by Sellers to Buyer, Noteholder agrees that Sellers [White] **shall be released from all liability in connection with the Note.**" [Emphasis added].

29. The Agreement was signed by White, Richardson and a representative of Everhome.

30. Despite the Agreement, Everhome reported Plaintiff White late on the loan for the months of May 2011, April 2012 and May 2012.

31. Experian reported White was 90 days late in May 2011 on the Everhome account.

32. Experian reported White was 30 days late in April 2012 on the Everhome account.

33. Experian reported White was 30 days late in May 2012 on the Everhome account.

34. The April 2011, April 2012 and May 2012 reportings were false.

35. In 2013, Plaintiff was attempting to obtain credit to purchase another home and was denied due to the false late Everhome payments reported by Experian.

36. After being denied credit, Plaintiff became aware that Defendant Experian was falsely reporting that Plaintiff was late on the Everhome loan.

37. Plaintiff disputed the Everhome account directly with Defendant Experian and provided a copy of the assumption agreement with the dispute.

38. Defendant Experian refused to remove the false information.

39. On December 4, 2013, Plaintiff again disputed the Everhome account with Defendant Experian by mail.

40. In the December 4, 2013 dispute, Plaintiff provided her full name with middle initial, Date of Birth, last four digits of her Social Security number, a copy of her driver's license, a second photo ID from her employer, a current electric bill, the Assumption Agreement and the account name and number she was disputing.

41. Plaintiff included more than sufficient information about her identity to verify that it was Plaintiff disputing the debt.

42. Plaintiff included sufficient information for Experian to investigate her dispute.

43. Defendant Experian sent Plaintiff a letter on December 20, 2013, stating it would not investigate the disputed information.

44. Defendant Experian claimed, "[w]e were unable to honor your recent request because you did not provide sufficient identification information for us to verify your identity **or the information that you provided was not legible.**" [Emphasis in original].

45. In the December 20, 2013 letter to White, Defendant Experian promised in writing that once Plaintiff submitted her dispute with proof of identity (which Plaintiff had already done) that it would conduct an investigation,

7

stating, "[o]nce we receive your request, we will contact the furnisher of the information or the vendor who collected the information from a public record source, such as a court or other government office. When we complete our dispute process, which may take up to 30 days (or up to 45 days for disputes of information in an annual free credit report), we will send you the results."

46. This statement about investigating was a lie.

47. Defendant Experian did, however, make it clear that it would like to sell Plaintiff products from Experian and included a QR code that says "Scan me with your smart phone for special offers from Experian."

48. Defendant Experian did not explain why it was comfortable and eager to sell Plaintiff information, yet refused to investigate her detailed and fully documented dispute.

49. In a credit report dated February 27, 2014, Defendant Experian continued to report the false Everhome information about Plaintiff.

50. While refusing to investigate Plaintiff's dispute, Experian, with no explanation removed Plaintiff's "statement" that the loan had been "ASSUMED BY ANOTHER PARTY. NO LONGER MY ACCOUNT."

51. Defendant Experian did not show the account as disputed after White's December 2013 dispute.

52. On April 3, 2014 Plaintiff sent another dispute letter to Experian regarding the Everhome account attempting to comply with Experian's identity information requirements that Experian stated were necessary in order to conduct an investigation.

53. In the April 3, 2014 dispute, White provided her full name with middle initial, social security number, date of birth and further included a copy of her driver's license, an electric bill, a gas bill, the Assumption Agreement, the account being disputed and the Account number being disputed.

54. The information provided by White complied with the requirements of Experian as stated in its December 20, 2013 letter to White.

55. On April 14, 2014 Defendant once again responded to White by refusing to investigate, stating that it would not honor the investigation request and sending the identical form letter it had previously sent to White on December 20, 2013.

56. Defendant Experian claimed, "We were unable to honor your recent request because you did not provide sufficient identification information for us to verify your identity **or the information that you provided was not legible.**" [Emphasis in original].

57. Defendant Experian again promised in writing to investigate once Plaintiff submitted her dispute with proof of identity (which Plaintiff had now done

9

twice) stating "Once we receive your request, we will contact the furnisher of the information or the vendor who collected the information from a public record source, such as a court or other government office.  When we complete our dispute process, which may take up to 30 days (or up to 45 days for disputes of information in an annual free credit report), we will send you the results."

58. This statement about investigating was yet another lie.

59. Defendant Experian did again make it clear that Plaintiff could purchase products from Experian and included a QR code that says "Scan me with your smart phone for special offers from Experian."

60. Defendant Experian did not explain why it was comfortable and eager to sell Plaintiff information but refused to investigate her detailed and fully documented dispute.

61. Defendant Experian's requirement that White provide indentifying information was simply a sham set of obstacles put in place to avoid its responsibilities to conduct a reasonable investigation into a Consumer's dispute under the FCRA.

62. Defendant Experian is not concerned with the identification information Plaintiff provided, as Defendant did not intend to perform a reasonable investigation.

10

63. Based upon information and belief, Experian has a policy to automatically deny all or a large percentage of the disputes that arrive via mail to Defendant Experian.

64. This is done, not through an outright "denial" or overt refusal to investigate, but by a policy of lying to Consumers by telling them that they either did not provide sufficient identifying information or that the information provided was illegible.

65. Neither Trans Union nor Equifax, were inhibited from or refused to investigate White's dispute due to allegedly insufficient identifying information.

66. Defendant has set up this barrier, supposedly under the FCRA, as a pretense to reject legitimate disputes.

67. Defendant Experian does this so that many Consumers will not send in another dispute, thereby avoiding its federally mandated duty to investigate Consumer disputes.

68. Defendant Experian did not perform any type of reasonable investigation.

69. Defendant failed to properly investigate this dispute, as if Defendant had properly investigated, the negative information would have been deleted.

70. Defendant Experian has continued to report this negative information even with the Assumption Agreement showing Plaintiff is not responsible.

71. Defendant was provided with more than sufficient information in the dispute and in its own sources of information to conduct an investigation and to conclude that the late payments complained of were being reported incorrectly.

72. Defendant Experian maliciously, willfully, intentionally, recklessly, and/or negligently failed to review the information provided in the disputes and that was already in its files and to conduct a reasonable investigation on Plaintiff White's disputes, which led as a direct result and consequence to the Defendant either failing to delete information found to be inaccurate, failing to replace the inaccurate information with accurate information, and/or reinserting the information without following the dictates of the FCRA.

73. At all relevant times the Defendant Experian failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff White's credit reports, violating 15 U.S.C. § 1681e(b) and state law.

74. At a minimum, reasonable procedures require Defendant Experian to investigate disputes where consumers provide sufficient identifying information for Experian to verify their identities.

75. Defendant failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff White's credit information and Plaintiff White's credit report, thus violating federal and

state law as set forth in this Complaint and causing Plaintiff to suffer damages by damaging her credit worthiness and by causing Plaintiff to be denied credit. These violations occurred before, during, and after the dispute process began with Defendant Experian.

76. The conduct of the Defendant Experian has proximately caused Plaintiff White past and future monetary loss, past and future damage to Plaintiff White's credit worthiness, ability to apply for and receive credit, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

77. It is a practice of the Defendant to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FCRA and state law.

78. Defendant Experian is a sophisticated business and it knows its conduct is wrong.

79. All actions taken by Defendant Experian were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the FCRA and/or state law and/or that it knew or should have known that its actions were in reckless disregard of the FCRA and/or state law.

80. Defendant Experian has engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and consumer reports and as such Defendant Experian is subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by Defendant and similar companies.

81. Defendant is liable to Plaintiff through the doctrine of Respondeat Superior for the wrongful, intentional and negligent acts, errors, and omissions done in violation of state and federal law by its employees and agents.

82. Plaintiff has suffered actual damages as a result of these illegal actions by Defendant Experian in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 et seq.

83. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

84. Defendant Experian is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(e).

85. Plaintiff notified Defendant Experian directly of a dispute on the Everhome account completeness and/or accuracy, as reported.

86. Defendant Experian failed to investigate, failed to delete information found to be inaccurate, reinserted the information without following the FCRA, and/or failed to properly investigate Plaintiff's disputes in violation of 15 U.S.C. § 1681i.

87. Plaintiff alleges that at all relevant times Defendant Experian failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff White's credit reports, concerning the account in question, violating 15 U.S.C. § 1681e(b).

88. Plaintiff alleges that at all relevant times Defendant Experian failed to identify Plaintiff's Everhome account as "disputed by the consumer" in violation of 15 U.S.C. § 1681c.

89. Plaintiff alleges that Defendant Experian failed to conduct a proper and lawful reinvestigation. For example, Defendant Experian was given notice multiple times that Plaintiff was not responsible for the late payments in May 2011, April 2012 and May 2012, but Defendant Experian apparently failed to review or ignored the identifying information provided by the Plaintiff on multiple occasions and/or failed to review and/or ignored the

dispute and documents provided in the dispute. Other examples will become apparent once discovery is commenced.

90. Plaintiff alleges that at all relevant times, Defendant Experian failed to include Plaintiff's "statement of dispute" to the Everhome account in violation of 15 U.S.C. § 1681i(b) and (c).

91. All actions taken by the Defendant Experian were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the FCRA and state law and/or that it knew or should have known that its actions were in reckless disregard of the FCRA and state law.

92. All of the violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

## COUNT II.

## STATE LAW CLAIMS

93. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

94. Defendant intentionally published false and defamatory information related to the judgment.

95. Plaintiff gave Defendant Experian written notice multiple times to withdraw the false information but Defendant Experian refused to do so.

96. Defendant acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff as set forth in this Complaint. This includes the reporting of the judgment and the handling of any investigations on the judgment.

97. Defendant assumed a duty to accurately report on Plaintiff.

98. Defendant violated all of the duties the Defendant had and such violations were made intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

99. It was foreseeable, and Defendant Experian did in fact foresee it, that refusing to properly update and investigate would cause the exact type of harm suffered by the Plaintiff.

100. Defendant invaded the privacy of Plaintiff as set forth in Alabama law, including publishing false information about Plaintiff's personal financial obligations.

101. The Defendant acted with intentional, reckless, or wanton conduct in reporting this false information.

102. Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this

complaint and such conduct occurred before, during and after the dispute to Defendant Experian.

103. As a result of this conduct, action, and inaction of Defendant, Plaintiff has suffered damages as set forth in this Complaint.

### PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that judgment be entered against Defendant Experian for all damages allowable (including statutory, actual, compensatory, nominal and punitive the total of which Plaintiff claims more than $75,000.00), costs, expenses, attorney fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper.

Respectfully Submitted,

/s/ 

**John G. Watts (ASB-5819-t82j)**
**M. Stan Herring (ASB-1074-n72m)**
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com
*Attorneys for Plaintiff*

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

/s/

**Attorney for Plaintiff**

**Serve defendant via certified mail at the following addresses:**

Experian Information Solutions, Inc.
c/o CT Corporation System
2 N. Jackson Street, Suite 605
Montgomery, Alabama 36104